UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (Fort Lauderdale)

SANJAY SINGH and ROYAL BENGAL
LOGISTICS, INC.,

    Plaintiff,                                        Civil Action No. 20-cv-60518-RKA

v.

FRED A. NEHR, ESQ. and DE LAGE
LANDEN FINANCIAL SERVICES, INC.,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Fred A. Nehr, Esq. and De Lage Landen Financial Services, Inc. ("DLL"),[1] by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file their Motion to Dismiss Plaintiffs, Sanjay Singh and Royal Bengal Logistics, Inc.'s, Complaint [D.E. 1] for failure to state a claim upon which relief can be granted, and as grounds therefore state as follows:

**Relevant Background**

Plaintiffs, Sanjay Singh and Royal Bengal Logistics, Inc. ("RBL"), filed their *pro se* Complaint [D.E. 1] on March 10, 2020.[2] It is difficult to conclusively decipher exactly what causes of action Plaintiffs are attempting to assert in the Complaint, and Defendants are unclear as to whether each cause of action is being asserted against only one or both Defendants. Nonetheless, Defendants believe, but are not certain, that Plaintiffs are attempting to assert claims for extortion,

---

[1] Defendants are unclear if Mr. Nehr's law firm, Nehr Law LLC, is also being named as a defendant in the Complaint. To the extent that Plaintiffs are also suing Nehr Law LLC, then this Motion to Dismiss is also being filed on behalf of Nehr Law LLC.

[2] It is not entirely clear from the Complaint whether it is being filed on behalf of both Mr. Singh and RBL or only Mr. Singh.

1

business interruption and defamation, and they may also be trying to assert some type of claim for fraud and/or conspiracy. At a minimum, Defendants would request clarification as to precisely what claims are being asserted in the Complaint, who is asserting each claim, and against whom each claim is being asserted.

Defendant DLL is a global vendor finance company, and Defendant Fred A. Nehr, Esq. is one of its Pennsylvania attorneys who represents DLL in various litigation. Mr. Nehr presently is counsel of record for DLL in a lawsuit previously filed in Pennsylvania against Plaintiffs RBL and Singh for breach of three contracts and personal guaranties. It would appear that Plaintiffs may have filed the instant Complaint in retaliation against Mr. Nehr and DLL for suing them in Pennsylvania. DLL, through its undersigned counsel, has also filed a state court lawsuit against Plaintiffs in Florida seeking replevin of certain leased equipment subject of the three contracts, which equipment is presently located in Florida.

Plaintiffs' Complaint also makes reference to another lawsuit for breach of contracts and guaranties which Mr. Nehr filed on behalf of DLL in Pennsylvania, Case No. 2020-01804-CT, in which the named defendants are STA Enterprises LLC ("STA"), Himmat Randhawa and Sumeet Kaur, none of whom are parties to this case.

## Legal Standard for Motion to Dismiss

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds which support the claim. "To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Prof's Led Lighting, Ltd. v. Aadyn Tech., LLC*, 88 F.Supp. 3d 1356, 1368 (S.D. Fla. 2015). However, the factual allegations in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-556, 127 S. Ct. 1955, 1964-1965 (U.S. 2007).

2

In this action, Plaintiffs must meet the heightened pleading standard of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff asserting a claim for fraud must offer more than "mere conjecture" such that the defendant is alerted to the precise misconduct with which they are being accused. *Id*. at 1373 (internal citations omitted). Moreover, Rule 9(b) requires that a complaint assert the "who, what, when, where, and how" of the alleged misconduct. *Id*. (*citing Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)). *See also Salas v. Wellington Equine Assocs.*, 2015 U.S. Dist. LEXIS 38477, *10 (S.D. Fla. March 26, 2015) ("[i]n addition to satisfying the pleading requirements of Rule 8(a)(2), a claim sounding in fraud must be stated with sufficient particularity to satisfy the heightened pleading standard" of Rule 9(b)).

Moreover, "[w]hile the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions." *R/V Beacon, LLC v. Underwater Archeology & Exploration Corp.*, 2014 U.S. Dist. LEXIS 139388, *6 (S.D. Fla. October 1, 2014) (internal citations omitted). "The Supreme Court was clear that courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (*citing Twombly*, 550 U.S. at 555).

## Plaintiffs have failed to state a claim upon which relief can be granted as to their claim for Extortion

Plaintiffs' initial claim in the Complaint is titled "Extortion" and alleges that Defendants DLL and Nehr "are co-conspirators in attempt to extort RBL and Sanjay Singh . . . ." Plaintiffs' only support for this baseless assertion in the Complaint is a quote from an email dated February 17, 2020 from Mr. Nehr, on behalf of his client DLL, to Plaintiff Singh regarding the filing of a lawsuit and an effort to resolve the matter. Even if "extortion" were a valid civil cause of action, which it is not, Plaintiffs would fall woefully short of the requisite pleading requirements.

Florida's extortion statute, Florida Statute §836.05, is a criminal statute and not a valid cause of action in a civil case. *See Bass v. Morgan*, 516 So. 2d 1011 (Fla. 3d DCA 1987) (affirming dismissal with prejudice of a plaintiff's claim for damages based on the theory that a letter written by the defendant violated Fla. Stat. §836.05 because "no violation of the statute gives rise to a civil cause of action").

Under federal law, extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138-39 (11th Cir. 2011)(citing 18 U.S.C. § 1951(b)(2)). While extortion is occasionally pled as a predicate act in connection with other claims, such as RICO, it is not an independent civil cause of action. *See Kivisto*, 413 Fed. Appx. at 136; 18 USC §1951; 18 USC §1961.

Accordingly, Plaintiffs claim for extortion must be dismissed with prejudice.

**Plaintiffs have failed to state a claim upon which relief can be granted as to their claim for Business Interruption**

Plaintiffs' second claim, for "business interruption", which appears to be premised at least in part on the "trade war", must be dismissed because Florida does not recognize such a cause of action. The only Florida case addressing a claim for business interruption outside of the context of business interruption insurance (which is inapplicable to the instant case) is *Easton v. Weir*, 167 So. 2d 245 (Fla. 2d DCA 1964), in which the court explained that "[a]lthough the courts of this State have not ruled directly on this point, the resulting damages to the furniture and consequential damages in the form of business interruption are nothing more than separate elements of damage, the scale of measure of recovery." *Id*. at 246-47. The *Easton* court thus determined that "[t]he cause of action, if any, is the injury that causes loss to another and arises as a result of the physical injury to plaintiff's furniture." *Id*. at 247.

Plaintiffs' claim for "business interruption" must therefore be dismissed with prejudice.

4

### Plaintiffs have failed to state a claim upon which relief can be granted as to their claim for Defamation

Plaintiffs' lone allegation in their defamation claim is that Mr. Nehr allegedly had a phone call with the owner of STA and stated that RBL "is not a good company business to work with and they should not have engaged in business with RBL."

Plaintiffs fall short of the pleading requirements for a defamation claim. "The elements of a claim for defamation are as follows: '(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory.'" *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1215 fn. 10 (Fla. 2010) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)).

Even if Mr. Nehr had made this statement (which he denies), it would constitute "pure opinion" and would thus not be actionable as defamation. "Statements of pure opinion are not actionable under the First Amendment." *Lrx, Inc. v. Horizon Assocs. Joint Venture*, 842 So. 2d 881, 885 (Fla. 4th DCA 2003).

Moreover, many of the emails that Plaintiffs have attached as exhibits to the Complaint would appear to mitigate against any claim for defamation.

Having failed to plead the requisite elements or sufficient factual allegations, Plaintiffs' claim for defamation must be dismissed.

### Plaintiffs have not stated claims upon which relief can be granted for Fraud and Conspiracy

Plaintiffs allude to both conspiracy and fraud in the Complaint even though they do not appear to be specifically asserting either as causes of action.

To the extent that the Plaintiffs are attempting to state a claim for conspiracy against Defendants, they have failed to plead the requisite allegations, which include: "(a) an agreement

5

between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Prof's Led Lighting*, 88 F.Supp. 3d at 1371 (*citing Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 F. Appx. 882, 886 (11th Cir. 2014).

To the extent that Plaintiffs are attempting to state a claim for fraud, they have failed to meet the heightened pleading standard of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Plaintiffs have also failed to allege any facts to support this heightened pleading requirement or the necessary elements of a claim for fraud against the Defendants.

Thus, Plaintiffs' claims for conspiracy and fraud, even if they had been asserted as causes of action, would be subject to dismissal.

## RBL must be represented by counsel

To the extent that RBL is a Plaintiff in this case, which is not entirely clear from the Complaint itself, it cannot represent itself without counsel.

"It is black letter law that a corporation cannot represent itself and must be represented by counsel." *Kermanj Foundation/Bio-Medica & Genetic Research Found. v. Broward County Prop. Appraiser's Office*, 2010 U.S. Dist. LEXIS 35024, *4 (S.D. Fla. April 9, 2010). "A corporation cannot appear pro se, and must be represented by counsel." *Benjamin v. Airborne Sec. & Prot. Servs.*, 2012 U.S. Dist. LEXIS 200796, *2 (S.D. Fla. Dec. 18, 2012) (*citing Palazzo v. Gulf Oil Corp.*, 764 F. 2d 1381, 1385 (11th Cir. 1985)). In *Palazzo*, 764 F. 2d at 1385 (11th Cir. 1985), the Eleventh Circuit explained that "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."

**Plaintiffs cannot assert their claims against Defendants due to the Litigation Privilege**

Plaintiffs' claims would also be barred as a result of the litigation privilege because the allegations involve ongoing litigation by Defendant DLL and communications from its counsel, Mr. Nehr, specifically related to such litigation and efforts to reach a settlement between the parties.[3]

In *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004), the Eleventh Circuit explained that "Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings." The *Jackson* Court observed that "[t]he privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings." *Id*. The *Jackson* Court also noted that actions which were "taken in the course of settlement negotiations, are inextricably linked to the process of guiding ongoing litigation to a close --actions we conclude are protected by Florida's litigation privilege." *Id*. at 1275.

In *Jackson*, the plaintiffs' complaint involved conduct "at the heart of the attempts to resolve" ongoing related judicial proceedings. *Id*. at 1277. The *Jackson* Court explained that "[w]here, as here, the conduct in question is inherently related to, and occurs during an ongoing judicial proceeding, under Florida law, that conduct must be protected so that participants in a lawsuit are unhindered in exercising their judgement as to the best way to prosecute or defend the

---

3   *See* emails attached as Exhibit A to Plaintiffs' Complaint. For instance, in one of Mr. Nehr's emails to Mr. Singh dated February 5, 2020, Mr. Nehr states: "DLL is not willing to reinstate the contract – it's not my decision. I would ask that you please make a proposal to settle the default damages for the reasons that I already explained." In another email dated February 5, 2020, Mr. Nehr thanks Mr. Singh for a proposal and then writes: "Unfortunately the contract was in default and as a result it will be terminated. My client has requested that you present a proposal for payment of the contractual damages." In an email dated February 17, 2020, Mr. Nehr responds to an email from Mr. Singh by stating: "By 'extort' if you mean 'invite you to resolve' then yes, you are correct I'm definitely not trying [to] save time and everyone's money (mostly yours). Otherwise, blame me for you not paying your bills and continue to accuse me of nefarious conduct by asking for a resolution proposal. Blame me for all that because you have equipment that you aren't paying for each month."

lawsuit." *Id*. As a result, the *Jackson* Court concluded that Florida's litigation privilege barred the plaintiffs' claims." *Id*.

In *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994), the Florida Supreme Court found that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." The *Levin* court explained that "[t]he rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding", observing that "[j]ust as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Id*.

For all of these reasons, Defendants respectfully request that this Court grant this Motion and dismiss Plaintiffs' Complaint with prejudice.

WHEREFORE, Defendants, Fred A. Nehr, Esq. and De Lage Landen Financial Services, Inc., request that this Court enter an order dismissing Plaintiffs, Sanjay Singh and Royal Bengal Logistics, Inc.'s, Complaint [D.E. 1] with prejudice, and granting all other relief as this Court deems just and appropriate.

Dated: June 1, 2020.

        Respectfully submitted,

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**
*Counsel for Defendants*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone (954) 462-8000
Facsimile (954) 462-4300

By:   /s/ *Richard B. Storfer*
       Richard B. Storfer
       Florida Bar No. 984523
       rstorfer@rprslaw.com
       Riley W. Cirulnick
       Florida Bar No. 0333270
       rcirulnick@rprslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF to all parties registered to receive service by this method, and by First Class U.S. Mail and email to Sanjay Singh/Royal Bengal Logistics, Inc., 3700 NW 109th Avenue, Coral Springs, Florida 33065 at admin@rbltransports.com this 1st day of June, 2020.

        /s/ *Richard B. Storfer*
        Richard B. Storfer

6085.058